IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00973-BNB

BRANDON CHE LEE,

      Applicant, named as Petitioner,

v.

COZZA-RHODES,

      Respondent.

---

ORDER DIRECTING APPLICANT TO FILE FINAL AMENDED APPLICATION

---

      Applicant, Brandon Che Lee, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado (FCI Florence).  He initiated the instant action on April 15, 2013, by filing *pro se* a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1).  On April 16, 2013, the Court ordered Mr. Lee to cure certain deficiencies.

      Specifically, Mr. Lee was ordered either to pay the $5.00 filing fee for a habeas corpus action or to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action together with a certificate showing the current balance in his prison account.  He also was ordered to submit his § 2241 application on the proper, Court-approved form and only to name his current warden, superintendent, jailer, or other custodian as Respondent.  On April 25, 2013, Mr. Lee submitted an amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 4) on the incorrect form, and on April 30, 2013, he paid the $5.00 filing

fee.

The Court must construe liberally Mr. Lee's amended habeas corpus petition because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Lee will be ordered to file on the proper, Court-approved form a final amended habeas corpus application that only asserts § 2241 claims.

According to the Public Access to Court Electronic Records (PACER) website, www.pacer.gov, on October 20, 2009, Mr. Lee was convicted by a jury in United States District Court for the Central District of California (Central District of California) Criminal Action No. 07-cr-00207-AG-1 (ECF No. 173 in No. 07-cr-00207-AG-1) on charges of mail fraud in violation of 18 U.S.C. § 1341, producing false identification documents in violation of 18 U.S.C. § 1028(a)(1), possessing five or more false identification documents in violation of 18 U.S.C. § 1028(a)(3), and possessing  document-making implements in violation of 18 U.S.C. § 1028(a)(5).  *See* ECF Nos. 233 and 311 at 3 in No. 07-cr-00207-AG-1.  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); *see also Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

On June 2, 2010, the Central District of California sentenced Mr. Lee to 240 years of imprisonment and five years of supervised release, and ordered him to pay restitution of approximately $4.9 million.  ECF Nos. 232 and 311 in No. 07-cr-00207-AG-

1.  The judgment was entered on the docket on June 2, 2010.  ECF No. 233 in No. 07-cr-00207-AG-1.  He appealed his conviction and sentence directly to the United States Court of Appeals for the Ninth Circuit, which affirmed on January 27, 2012.  ECF No. 311 in No. 07-cr-00207-AG-1.

Mr. Lee asserts four claims.  They are:

1.      His detention in the BOP in unlawful because the prosecuting attorney never went to the grand jury with his indictment.

2.      His incarceration in the BOP is pursuant to a false judgment and probation/commitment order and false pre-sentence report.

3.      He is illegally detained, his requests for release have been denied, and instead he has been transferred to FCI Florence.

4.      He failed to receive a timely response from the Central Office to his BP-11 administrative remedy.

As relief he asks for his immediate release from custody.

The Court has reviewed the amended § 2241 petition and finds that it is deficient because it does not assert only § 2241 claims.  Mr. Lee's first two claims and part of his third appear to attack the legality of his conviction and sentence.  However, he may not attack the legality of his sentence in this § 2241 proceeding.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined . . . A 28 U.S.C. § 2255 petition attacks the legality of detention, . . . and must be filed in the district that imposed the sentence.").  To the extent Mr. Lee seeks to challenge attack the legality of his conviction and sentence, he must seek relief in the sentencing court pursuant to § 2255.  *Id.*; *see also Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). ("The exclusive remedy for testing the validity of a

3

judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.").

Mr. Lee's challenge in his third claim to his transfer to FCI Florence appears to assert a conditions-of-confinement claim inappropriately raised in a habeas corpus action.  Mr. Lee properly may assert the conditions-of-confinement claim in a separate action initiated pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  Mr. Lee's fourth claim also in inappropriate raised in a habeas corpus action because it fails to attack the execution of his sentence.

The final amended application Mr. Lee will be directed to file must comply with the pleading requirements for a habeas corpus application.  Pleading in § 2254 federal habeas corpus cases is governed by Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), which requires more specific pleading than the rules governing ordinary civil cases.  *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (Notice pleading is not sufficient; the petition is expected to state facts that point to "a real possibility of constitutional error.");  *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970) (same); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (Section 2254 Rule 2(c), which is more demanding than Rule 8(a) of the Federal Rules of Civil Procedure, requires the petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground.").  Rule 1(b) of the Section 2254 Rules apply the Section 2254 Rules to § 2241 applications as well.

The Federal Rules of Civil Procedure also apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*,

434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

For the reasons stated above, Mr. Lee will be directed to file a final amended application on the proper, Court-approved form asserting claims pursuant to § 2241 that comply with the pleading requirements of Rule 2(c) of the Section 2254 Rules and Fed. R. Civ. P. 8. Administrative remedies for Mr. Lee's claims also must have been exhausted. "The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Failure to file such a final amended application within the time allowed will result in the dismissal of the instant action.

Accordingly, it is

ORDERED that Applicant, Brandon Che Lee, is directed **within thirty (30) days from the date of this order** to file a final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that only asserts exhausted claims attacking the execution of his sentence. It is

5

FURTHER ORDERED that Mr. Lee shall obtain the proper, Court-approved form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the final amended application.  It is

FURTHER ORDERED that, if Mr. Lee fails to comply with this order within the time allowed, the amended petition will be denied, and the action dismissed without further notice.

DATED May 8, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge