IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00973-BNB

BRANDON CHE LEE,

      Applicant, named as Petitioner,

v.

COZZA-RHODES,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, Brandon Che Lee, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado.  He filed *pro se* an amended Application for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 7) challenging the validity of his conviction and sentence in the United States District Court for the Central District of California (Central District of California), the sentencing court.  He has paid the $5.00 filing fee.

      On May 20, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 8) directing Mr. Lee to show cause within thirty days why this action should not be dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court.  On May 28, 2013, Mr. Lee submitted a response (ECF No. 9) to the order to show cause.

      The Court must construe Mr. Lee's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied and the action dismissed.

According to the Public Access to Court Electronic Records (PACER) website, www.pacer.gov, on October 20, 2009, Mr. Lee was convicted by a jury in the Central District of California Criminal Action No. 07-cr-00207-AG-1 (ECF No. 173 in No. 07-cr-00207-AG-1) on charges of mail fraud in violation of 18 U.S.C. § 1341, producing false identification documents in violation of 18 U.S.C. § 1028(a)(1), possessing five or more false identification documents in violation of 18 U.S.C. § 1028(a)(3), and possessing document-making implements in violation of 18 U.S.C. § 1028(a)(5).  *See* ECF Nos. 233 and 311 at 3 in No. 07-cr-00207-AG-1.  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); *see also Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

On June 2, 2010, Mr. Lee was sentenced in the Central District of California to 240 months of imprisonment and five years of supervised release and ordered to pay restitution of approximately $4.9 million.  ECF Nos. 232 and 311 in No. 07-cr-00207-AG-1.  The judgment was entered on the docket on June 2, 2010.  ECF No. 233 in No. 07-cr-00207-AG-1.  Mr. Lee appealed the conviction and sentence to the United States Court of Appeals for the Ninth Circuit, which affirmed on January 27, 2012.  ECF No. 311 in No. 07-cr-00207-AG-1.  According to PACER, Mr. Lee did not file in the Central District of California a motion pursuant to § 2255 to vacate, set aside, or correct the

2

sentence.

Mr. Lee asserts three claims in his § 2241 application challenging his conviction and sentence imposed in the Central District of California.  As relief, he asks for his immediate release.

The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255."  *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."  *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Mr. Lee bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective.  *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).  This burden is not satisfied easily because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed."  *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances").  The test for determining whether the remedy provided in the sentencing court pursuant to §

3

2255 is inadequate or ineffective is whether Mr. Lee's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.* "[T]he savings clause is satisfied so long as the petitioner had an opportunity to bring and test his claim."). *Id.* at 585.

Mr. Lee fails to offer any explanation why he did not or could not have pursued relief under § 2255 in the sentencing court or demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective. He simply argues in his response to Magistrate Judge Boland's show cause order that his § 2241 claims do not relate to § 2255. In any event, the fact that Mr. Lee failed to seek § 2255 relief in the sentencing court does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Bradshaw*, 86 F.3d at 166 (quoting *Williams*, 323 F.2d at 673 ("Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective."). Nor does the fact that Mr. Lee may be time-barred pursuant to § 2255(f) from seeking relief in the sentencing court establish that the remedy provided in § 2255 is inadequate or ineffective. *See Bradshaw*, 86 F.3d at 166; *see also United States v. Payne*, 655 F.3d 1111, 1112 (10th Cir. 2011). Therefore, the application will be denied and the action dismissed because Mr. Lee has an adequate and effective remedy pursuant to § 2255 in the sentencing court.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because Applicant fails to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __30th__ day of __May_____, 2013.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court